**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 97-4832

LARRY SILAS POOLE, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Solomon Blatt, Jr., Senior District Judge.
(CR-96-463)

Submitted: July 30, 1998

Decided: August 19, 1998

Before WIDENER, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas J. Quinn, MOSS & KUHN, P.A., Beaufort, South Carolina,
for Appellant. Matthew R. Hubbell, Assistant United States Attorney,
Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Larry Silas Poole appeals his conviction by a jury of aggravated sexual abuse of a child in violation of 18 U.S.C.A.§ 2241(c) (West 1994 & Supp. 1998), and his 144-month prison sentence. Poole's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising two issues but stating that, in his view, there are no meritorious grounds for appeal. Poole was informed of his right to file a pro se supplemental brief but has not done so. After a thorough review of the record, we affirm Poole's conviction and sentence.

Poole's counsel asserts that the district court erred by admitting testimony that Poole had molested one of his granddaughters, an act for which he had not been indicted, because it should have been excluded under Fed. R. Evid. 403, 404(b), 414. Although Poole objected to the admission of this evidence before trial, he did not renew the objection at the time the government offered the evidence. Our review of the admission of Poole's granddaughter's testimony therefore is for plain error. See United States v. Chin, 83 F.3d 83, 87 (4th Cir. 1996). Assuming, without deciding, that the district court erred in admitting this testimony, we find no plain error given the overwhelming evidence of Poole's guilt.

Counsel also disputes whether Poole's sentence was properly calculated. We find no plain error in the calculation of Poole's sentence because it was properly computed under the U.S. S ENTENCING GUIDELINES MANUAL (1996). See United States v. Olano, 507 U.S. 725, 732-37 (1993) (stating standard of review).

As required by Anders, we have examined the entire record and find no other meritorious issues for appeal. Accordingly, we affirm the conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served

2

on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED